WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristoffer Shaun Cornelius,<br><br>          Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-13-00535-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Remand. (Doc. 14.) For the reasons discussed below, the motion is denied.

**BACKGROUND**

**I.   Procedural Background**

Plaintiff applied for disability insurance benefits and supplemental security income on March 29, 2010, alleging disability beginning January 1, 2008. (R. at 30.) He meets the insured status requirements of the Social Security Act through September 30, 2014. (*Id.*) Plaintiff's claims were denied both initially and upon reconsideration. (*Id.*) Plaintiff then appealed to an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ conducted a hearing on the matter on November 29, 2011. (*Id.*) On January 4, 2012, the ALJ applied the five-step sequential evaluation process found in 20 C.F.R. § 404.1520 and concluded that Plaintiff was not disabled because his residual functional capacity ("RFC") allowed him to perform simple, unskilled work. (*Id.* at 34.) The Appeals Council declined to review the decision (*Id.* at 2–7), and Plaintiff filed suit in this Court. (Doc. 1.). Defendant then filed a Motion to Remand (Doc. 14), which has been fully

briefed.

## II.     Factual Background

Plaintiff applied for benefits due to attention deficient hyperactivity disorder, depression, anxiety, obsessive compulsive disorder, bipolar disorder, post-traumatic stress disorder, and sleep deprivation. (R. at 85.) In analyzing the severity of Plaintiff's symptoms, the ALJ looked to Plaintiff's medical records and to opinion evidence from two physicians who examined Plaintiff at the request of the State agency and two of Plaintiff's treating physicians. (*Id*. at 35–39.)  The ALJ further considered Plaintiff's own testimony regarding the severity of his symptoms and their impact on his ability to obtain employment and remain employed. (*Id*. at 34–39.) The ALJ also considered the testimony of vocational expert Kathryn Atha. (*Id.* at 40.)

## DISCUSSION

### I.     Legal Standard

In a claim seeking review of a denial of social security benefits, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990). On the other hand, when "the question of whether [a claimant] is eligible for benefits turns entirely on the credibility" of a plaintiff's testimony, and the district court finds that the ALJ improperly discredited that testimony, remand for further proceedings is inappropriate, and the court should instead remand for a calculation of benefits. *Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir. 2004).

### II.     Analysis

Defendant argues that the record here presents outstanding issues that must be resolved. Defendant argues that the ALJ should be directed on remand to (1) give additional consideration to the medical opinion of Dr. Steingard and specify reasons for

the weight assigned to her opinion; (2) further evaluate Plaintiff's RFC; and (3) obtain additional vocational expert evidence in order to clarify the effect of Plaintiff's RFC on his occupational base. (Doc. 14 at 2.) However, Defendant fails to demonstrate good cause to justify remanding this case for further proceedings.

The ALJ found that Dr. Steingard's opinion was "rendered by a qualified, objective acceptable medical source that considered the claimant's subjective complaints" and that "the rationale expressed by this consultant and the conclusions reached are consistent with the treatment record, objective findings, opinion evidence, and the medical evidence as a whole." (R. at 37.) Accordingly, the ALJ afforded her opinion significant weight. (*Id.*) Defendant now asserts that the ALJ incorporated some of Dr. Steingard's opinions into her ultimate RFC finding, but did not incorporate Dr. Steingard's opinion regarding Plaintiff's persistence. Defendant states that the ALJ may have intended to discount some of Dr. Steingard's findings on this subject, but that the ALJ failed to explicitly state this in her decision. Defendant would direct the ALJ to be more specific in her consideration of Dr. Steingard's opinions on remand.  However, nothing in the ALJ's decision suggests any hesitance regarding the ALJ's ultimate decision to give significant weight to Dr. Steingard's opinions.

Defendant further argues that the ALJ should have the opportunity on remand to potentially reassess the Plaintiff's RFC, and then obtain additional vocational expert evidence on the effects of Plaintiff's RFC on his occupational base, should that additional testimony become relevant. (Doc. 15 at 4.)   Defendant fails to show good cause for affording the agency an additional opportunity to consider the same evidence the ALJ already considered in her opinion, or to have the opportunity to obtain further vocational expert evidence, beyond the evidence already provided by Kathryn Atha (R. at 74–81.)

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Remand (Doc. 14) is **denied**.

/ / /

/ / /

2. Plaintiff shall have to and including **November 18, 2013**, to file an Opening Brief.

Dated this 17th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge