WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristoffer Shaun Cornelius,<br><br>              Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-13-00535-PHX-SPL<br><br>**ORDER** |

Plaintiff Kristoffer Shaun Cornelius seeks judicial review and reversal of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Social Security disability benefits.[1]

**I.      Background**

On March 29, 2010, Plaintiff filed an application for Social Security disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. (AR[2] 30, 208-15.) Plaintiff alleges that he became unable to work on March 1, 2010, due to his disabling conditions of attention deficit hyperactivity disorder ("ADHD"), depression, anxiety, obsessive-compulsive disorder ("OCD"), bipolar disorder, post-traumatic stress disorder ("PTSD"), and sleep deprivation. (AR

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Administrative Record

132, 136.) On August 12, 2010, the SSA denied Plaintiff's application (AR 132-39), and on December 17, 2010, the SSA denied Plaintiff's request for reconsideration (AR 141-47). Pursuant to Plaintiff's request (AR 148-49), a hearing was held on November 29, 2011, before Administrative Law Judge ("ALJ") Joan G. Knight (AR 46-82).

Applying the five-step sequential framework,[3] on January 4, 2012, the ALJ issued a decision ruling that Plaintiff is not disabled and is not entitled to disability benefits. (AR 30-41.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2010, his alleged disability onset date. (AR 32.) At step two, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, NOS,[4] generalized anxiety disorder, attention deficit hyperactivity disorder, alcohol dependence, in reported remission since July 15, 2011, and amphetamine dependence, in reported remission since July 15, 2011." (AR 32.)

At step three, the ALJ found that Plaintiff's impairments did not meet or equal one of the listed impairments described in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 33-34.) In making this determination, the ALJ considered the degree to which claimant's

---

[3] In deciding whether a claimant is disabled and eligible for Social Security disability benefits, an ALJ employs a five-step sequential analysis, determining:

> (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals' one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity, the claimant can still do his or her past relevant work; and (5) whether the claimant can make an adjustment to other work.

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing 20 CFR §§ 404.1520, 416.920). *See also* 42 U.S.C. § 423(d)(1)(a). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at steps one through four of the sequential process. *Id.*; *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. *Tackett*, 180 F.3d at 1098; *Reddick*, 157 F.3d at 721.

[4] NOS stands for "Not Otherwise Specified." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 381 (4th ed. TR 2000).

mental impairments interferes which the four broad functional areas (referred to as "paragraph B" listing criteria). *See* 20 C.F.R. §§ 404.1520a(c), 416.920a(c). In areas of activities of daily living, the ALJ found that Plaintiff had mild restrictions; in the area of social functioning, the ALJ found that Plaintiff had mild difficulties; in the area of concentration, persistence, or pace, the ALJ found Plaintiff had moderate difficulties; and in the area of episodes of decompensation, the ALJ found Plaintiff had two episodes of decompensation. (AR 33-34.)

At step four, the ALJ found that Plaintiff had the residual functional capacity[5] ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of simple, unskilled work." (AR 34.) The ALJ stated that the RFC assessment reflected "the degree of limitation the [ALJ found] in the 'paragraph B' mental function analysis." (AR 34.)  Based on his residual functional capacity finding, the ALJ found that Plaintiff could no longer perform his past work.  (AR 39.) At step five, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy. (AR 40.) The ALJ therefore concluded that Plaintiff was not disabled as defined by the Social Security Act.  (AR 41.)

On February 7, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision therefore became the final decision of the Commissioner of the SSA.  (AR 2-4.)  Having exhausted the administrative review process, on March 13, 2013, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint in this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.)

## II.     Standard of Review

The district court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court reviews the ALJ's decision under the substantial evidence standard and must affirm

---

[5]     A claimant's residual functional capacity is defined as the most he or she can do despite his or her limitations.  20 C.F.R. § 404.1545(a)(1).

3

the decision if it is supported by substantial evidence and it is free from legal error. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, but less than a preponderance; "it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *see also Reddick,* 157 F.3d at 720. Even if the ALJ erred, however, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the ALJ's decision, the district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Orn*, 495 F.3d at 630. Where "the evidence can reasonably support either affirming or reversing a decision, [the district court] may not substitute its judgment for that of [the ALJ]." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). *See also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). It reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630

**III.   Discussion**

Arguing that this case should be remanded for an award of benefits, Plaintiff claims that the ALJ erred: (1) by failing to incorporate adopted medical opinion evidence; (2) by improperly rejecting medical opinion evidence; and (3) by improperly rejecting Plaintiff's testimony regarding his impairments. (Docs. 26, 28.) In response, Defendant agrees that the ALJ erred in resolving her findings on medical opinion evidence, but disputes whether the ALJ would be required to find Plaintiff disabled. (Doc. 27.) Therefore, Defendant argues that this case should be remanded for further proceedings. (Id.)

    **A.**   **Residual Functional Capacity Assessment**

First, the ALJ erred by failing to discern the limitations that where accounted for

in determining Plaintiff had a RFC to perform "simple, unskilled work." (AR 34.) *See* 20 CFR § 404.1520a(e). In determining a claimant's RFC, an ALJ must consider the nature and extent of a claimant's mental limitations and restrictions to determine his ability to work on a regular and continuing basis. 20 C.F.R. § 416.945(c); 20 C.F.R. § 404.1545(a)(2). "A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 416.945(c).

In her decision, the ALJ found that Plaintiff was moderately limited in concentration, persistence, or pace.[6] (AR 33.) In making this finding, the ALJ relied on opinions of Sheri Tomak, Psy.D., and Sharon Steingard, D.O., which she accorded significant weight. (AR 33, 37-38, 101-128, 421-427.) Dr. Steingard found Plaintiff's score on the "Mini-Mental State Examination" suggested cognitive impairment, his "[p]ersistence will be poor" as he does not have any history of sustaining work or "maintaining appropriate adult responsibilities," and has "limitations in understanding social cues and disregards some social norms." (AR 426-427.) Dr. Tomak opined that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and respond appropriately to changes in the work setting. (AR 109-11.)

The ALJ did not address however, whether Plaintiff could perform "simple, unskilled work" despite his functional limitations in concentration, persistence, or pace.

---

[6] "Concentration, persistence, or pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. § 404, Sub. P, App. 1 § 12.00(c)(3).

"The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15 (emphasis added). *See also* 20 C.F.R. § 404.1568 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."). The ability to meet the mental demands to perform unskilled "simple tasks" may be limited by "concentration, persistence, or pace" if an individual cannot complete simple tasks "at a consistent pace without an unreasonable number and length of rest periods, or without undue interruptions or distractions." 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.00(c)(3). Although the ALJ discussed the medical evidence of record, she did not set forth her findings regarding Plaintiff's specific limitations in concentration, persistence, or pace, nor did she provide a reasoned bridge between his limitations and his ability to perform simple, unskilled work. Therefore, the ALJ erred in her assessment of Plaintiff's RFC.

### B.  Vocational Expert Testimony

The ALJ further erred in failing to take into account all of Plaintiff's limitations in propounding hypotheticals to the vocational expert. An ALJ must include all restrictions in the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace. 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (a hypothetical that fails to take into account a claimant's limitations is defective).

The ALJ first posed a hypothetical describing a person who, in performing unskilled work, is "restricted to performing simple work tasks." (AR 77.) This hypothetical was inadequate. The medical opinions adopted by the ALJ suggest that Plaintiff's deficiencies in concentration, persistence, or pace limit his ability to carry out work tasks on a continued basis regardless of the nature or complexity of the work to be

performed. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."); *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding "simple jobs" was insufficient to cover concentration, persistence, or pace deficiencies). For this reason, the ALJ's second more restrictive hypothetical of an individual limited "to performing simple, repetitive tasks" also did not adequately incorporate Plaintiff's limitations. (AR 77.) *O'Connor-Spinner*, 627 F.3d at 620 (generally, "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace").

Because the ALJ failed to direct the vocational expert to the totality of Plaintiff's limitations, the expert's testimony had "no evidentiary value to support a finding that [Plaintiff] can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). Having relied on the vocational expert's opinion, the ALJ's finding that Plaintiff was not disabled was not based on substantial evidence.

### C. Remand for Further Proceedings

Finding there are outstanding issues that must be resolved before a determination of disability can be made, the Court concludes that remanding this case for further proceedings, rather than for an award of benefits, is appropriate. An ALJ's decision shall be reversed and remanded for the calculation and award of benefits only where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

Plaintiff first argues that Dr. Steingard's opinion, if credited, is a basis for

remanding this case for a determination of benefits. If such evidence were credited, however, it is not clear that Plaintiff would be found disabled on remand. At the conclusion of the hearing, Plaintiff's counsel posed two hypotheticals to the vocational expert incorporating the opinion of Dr. Steingard as follows:

> [U]nder understanding and memory, "The score on the Mini-Mental Status Exam does suggest cognitive impairment. The score is 22 out of 20. Psychological testing would be helpful to further assess concentration IQ and the possibility of learning disability."
>
> The next section is the sustained concentration and persistence: "Persistence will be poor. He does not have any history of sustaining work. He does not have a history of maintaining appropriate adult responsibilities. He put little effort into some of the tasks on the Mini-Mental Status Examination. He was distracted by the phone ringing in the interview. Social interaction: interaction is limited but not impaired. He seems to have some limitations in understanding social queues and disregards some social norms such as not eating in the waiting room and not eating in a doctor's office. Interaction is not precluded. He was otherwise respectful. He did not display emotional ability adaptation. Cognitively, he can perform simple and repetitive tasks. He can be a passenger in a private vehicle. He is capable of using public transportation. He should not be managing benefits if deemed eligible to receive them."
>
> Would you agree that a person with those limitations would be precluded from all work on a sustained basis?
>
> A    Am I to understand there's no emotional ability?
>
> Q    There was no emotional ability. He did not display emotion ability during the evaluation.
>
> A    During the evaluation.
>
> Q    And I guess I – in answering this question, I would like you to focus on the sustained concentrating and persistence, where it's persistence will be poor.
>
> A    Right. I'm also thing [sic] about the little effort.
>
> Q    And I would just ask you to take that at face value because he does – the doctor, she doesn't say why there was little effort, whether it was related to illness or attitude or anything. So just take it at face value that during the – I'll read it again: "He puts little effort into some of the tasks on the Mini-Mental Status Examination."\

| | |
|---|---|
| 1 | A     Mm-hmm. |
| 2 | Q     "He was distracted by the phone ringing in the interview." |
| 3 | |
| 4 | A     I'm having trouble answering that in that there seems to be a variance in information. Because we don't know what little effort – when she's saying he displayed 'little effort' on some tasks, we don't know what that's due to. |
| 5 | |
| 6 | Q     Well, let me ask a different question then. |
| 7 | A     Okay. |
| 8 | Q     Let's just take the statement "persistence will be poor." Based on your experience as a vocational expert, would you agree that someone with poor persistence would have trouble maintaining employment? |
| 9 | |
| 10 | |
| 11 | A     Yes, I would. |

(AR 79-81.) Here, in response to counsel's hypotheticals, the vocational expert found Dr. Steingard's opinion unclear. The vocational expert was unable to answer whether "a person with those limitations would be precluded from all work on a sustained basis." While counsel narrowed his hypothetical to "someone with poor persistence," contrary to Plaintiff's portrayal, the vocational expert did not find that this limitation would preclude a person from all work on a sustained basis. Rather, the vocational expert only responded affirmatively that a person with such limitation would have "trouble maintaining employment." Without more, it cannot be said that Dr. Steingard's opinion, if credited, would mandate a finding of disability on remand.

      Second, Plaintiff argues that the opinion of treating psychiatrist Amnon Kahane, M.D, if credited, is a basis for remanding this case for an award of benefits. Finding the record has not been fully developed, the Court does not reach whether the ALJ erred in her treatment of Dr. Kahane's opinion evidence. In offering various reasons for rejecting Dr. Kahane's check-box medical assessment form, the ALJ appears to rely on an evaluation of his treatment notes. (AR 38, 419-420.) However, beyond the check-box form, the record contains only a one-page "Prescriber Progress Note" completed by Dr. Kahane in which he finds Plaintiff was stable and his condition was controlled by

medication. (AR 380.) Further, while the ALJ refers to treatment notes in rejecting the check-box medical assessment form completed by treating physician Jeffery Edelman, M.D., the record contains no treatment records from Dr. Edelman. (AR 39, 538-39.) Without clarification and explanation regarding these discrepancies, the Court cannot adequately evaluate the strength of the discredited evidence and determine if it is clear that the ALJ would be required to find Plaintiff disabled on remand. *See Garrison*, 759 F.3d at 1021.

Lastly, no hypothetical was posed to the vocational expert that incorporated the limitations outlined in Plaintiff's testimony. Therefore, even if the discredited testimony were credited as true, the record does not show whether the ALJ would be required to find Plaintiff disabled on remand based on this evidence.

## IV. Conclusion

In sum, the Court has considered the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. The Court concludes there are significant outstanding issues and will remand this case to the ALJ for further proceedings and a new decision. On remand, in addition to reevaluating the evidence and taking new testimony, the ALJ should accept any additional medical evidence into record that exists for the period at issue. Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **VACATED** and **REMANDED** to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

Dated this 19th day of September, 2014.

Honorable Steven P. Logan
United States District Judge